

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Eomer Leonard, Speaker
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-4290
Re: Is a private citizen entitled
to copies of the described
public records?

This is in answer to your letter of December 16th,
which we quote:

"I have had a request from a private
citizen of Texas for photostatic copies of
warrants issued to one of the employees in the
House of Representatives during the regular ses-
sion of the legislature, together with photo-
static copies of the receipts given for those
warrants when they were received by a person
other than the one to whom issued.

"I shall appreciate it if you can let me
know immediately whether in your opinion these
are public records to which any citizen is en-
titled."

In addition to your letter, you have furnished us
with the following information: The documents in question
are in fact vouchers (certificates) issued by the Chief
Clerk of the House of Representatives to employees of the
House of Representatives and drawn against the contingent
expense appropriation of the Regular Session of the Forty-
Seventh Legislature, and the receipts for these vouchers
contained on the stubs of the vouchers (certificates) and
retained by the Chief Clerk as a record of their disposi-
tion. The vouchers are now in the office of the Comptroller

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the State of Texas, a warrant having been issued by
him in exchange therefor.

The person who requested the copies is neither the
one who issued the vouchers, nor who received them, nor who
signed the receipts for them, nor has he disclosed to you
any financial or official interest in them.

This department has held that the Department of
Public Safety is not required to issue certified copies of
accident reports to private individuals in the absence of
pending litigation involving such reports (Opinion No. 0-2044);
that official books and records of the State Board of Hair-
dressers and Cosmetologists, though made public records by
statute, are open to inspection of only such private per-
sons as may show a legitimate interest therein (Opinion No.
0-3755); and that agents and attorneys of an insurance company
are not entitled, as a matter of right, to copy letters writ-
ten by private parties to the Board of Insurance Commissioners
about such insurance company (Opinion No. 0-3987).

However, the question you submit is, we believe,
governed by the terms of the statutes making the contingent
expense appropriations against which the vouchers were drawn.
Reference is made to House Bills Nos. 1, 643, 904 and 1066,
as shown in the General and Special Laws of the Forty-seventh
Legislature, Regular Session, at pages 1, 80, 217 and 795.
Each of these appropriation bills contains similar language;
we quote from House Bill No. 1, which (omitting the caption
and emergency clause) reads as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF
TEXAS:

"Section 1. There is hereby appropriated
out of any funds in the State Treasury, not other-
wise appropriated, the sum of Three Hundred and
Fifty Thousand Dollars ($350,000), or so much
thereof as may be necessary, to pay the contingent
expenses and to pay the mileage and per diem of
members and the per diem of officers and employees
of the Regular Session of the Forty-seventh Legis-
lature, and to pay any unpaid accounts or expenses
of the Forty-sixth Legislature.

"Sec. 2. The certificate of the Secretary of the Senate, approved by the President of the Senate, or the certificate of the Chief Clerk of the House of Representatives, approved by the Speaker thereof, shall be sufficient evidence to the Comptroller upon which to audit the claims for mileage and per diem of members and the salaries and per diem of officers and employees of the Regular Session of the Forty-seventh Legislature, and the unpaid accounts or expenses of the Forty-sixth Legislature, and he shall issue the necessary warrants for same upon the Treasury of the State of Texas

"Sec. 3. The certificate of the Chairman of the Committee on Contingent Expenses of the Senate, approved by the President of the Senate, or the certificate of the Chairman of the Committee on Contingent Expenses of the House of Representatives, approved by the Speaker of the House, as the case may be, shall be sufficient authority to the Comptroller to issue warrants upon the Treasury of the State of Texas for the payment of accounts for contingent expenses for either House.

"Sec. 4. Providing, however, that a record of all moneys appropriated in this bill shall be made available, for public inspection the same as any other public records in this State. The Senate and House shall each publish an itemized account of expenditures in its own Journal and state the amount spent by each member of each House, as the Senate and House may direct."

Each of the acts mentioned contains identical language as is shown in Section 4 of House Bill No. 1, supra. Other sections differ only in the amounts appropriated and in other minor details not necessary to notice here.

These vouchers (called "certificates" in the statute), and the receipts therefor, are official records of the disposition and use made of the funds appropriated

by the Legislature, and said acts provide that such records "shall be made available for public inspection the same as any other public records in this State." These provisions we take to show the intention of the Legislature to make the use of public moneys by its members open to the inspection of the public at large, including not only those persons having a legitimate concern with such matters, but the idly curious as well. When the Legislature uses the words, "the same as any other public records in this State", we believe it puts these records on a par (insofar as the public right of inspection goes) with public records of deeds, mortgages, marriages, etc., for the inspection of which no showing of legitimate interest need be made.

It is therefore our opinion that any private citizen of the State of Texas is entitled to make any reasonable examination of the official records of the disposition of the contingent expense funds appropriated by the Forty-seventh Legislature, Regular Session, including the vouchers and receipts about which you inquire.

We find no law of this State requiring any public officer to furnish photostatic copies of records to private individuals, or authorizing such procedure. However, we respectfully refer to the provisions of Article 3913, Revised Civil Statutes, reading in part as follows:

"The Secretary of State, Land Commissioner, Comptroller, State Treasurer, Commissioner of Agriculture, Commissioner of Insurance, Banking Commissioner, State Librarian, Adjutant General, and the Attorney General, shall furnish to any person who may apply for the same with a copy of any paper, document or record in their respective offices, or with a certificate under seal, certifying to any fact or facts contained in the papers, documents or records of their offices; provided neither of said officers shall demand nor collect any fee from any officer of the State for copies of any papers, documents or records in their offices, or for any certificate in relation to any matter in their offices, when such copies are required in the performance of any of the official duties of such office. Each of said officers shall keep a fee book

Honorable Homer Leonard - Page 5

in his office in which he shall enter all the fees received for any service named in this title, and shall quarterly file with the Comptroller a verified account of all fees so received by them, respectively, and such officers shall also at the end of each quarter pay over to the State Treasurer all money received by them, respectively, under the provisions of this title. Each said officer shall be entitled to demand and receive the following fees for the services mentioned, except as otherwise provided by this title: For copies of any paper, document, or record in their offices, in the English language, including certificate and seal, for each hundred words . . . . . . . . .$ .15"

And Article 3722 of the Revised Civil Statutes is also pertinent. We quote:

"The Secretary of State, Attorney General, Land Commissioner, Comptroller, Treasurer, Adjutant General, Commissioner of Agriculture, Commissioner of Insurance, Banking Commissioner, and State Librarian shall furnish any person applying for the same with a copy of any paper, document or record in their offices, and with certificates under seal certifying to any fact contained in the papers, documents or records of their offices; and the same shall be received in evidence in all cases in which the originals would be evidence."

It is the general practice of most of the State departments to certify to photostatic copies of documents when certified copies are properly requested, and certified photostatic copies of accounts and treasury warrants for fees issued to a public official were held admissible in a suit by a county attorney to recover a share thereof. See Baldwin v. Chambers (Tex. Civ. App.) 36 S. W. (2d) 531.

We are of the opinion that by virtue of the fact that the vouchers in question are now in the official possession of the Comptroller of Public Accounts and the warrants under inquiry are in the custody of the State Treasurer, that the proper procedure would be for the person desiring them to make his request to those officials for a certified copy of

Honorable Homer Leonard - Page 6

the documents desired, and upon payment of the proper fees as indicated by the terms of Article 3913, supra, we are confident that the certified copies will be delivered.

We have found no statutory provision applicable to copies of documents properly in the custody of the House of Representatives or its officers. However, we are of the opinion that such documents and records as you refer to are subject to public inspection, and may be copied or photostated at the expense of the person desiring same if there is no interference with official business and if there is no surrender of custody of the original by the person legally in charge thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By

W. R. Allen
Assistant

WRA:FS

